### AFFIDAVIT OF SGT. DET. JAMES FITZPATRICK

I, James Fitzpatrick, being duly sworn, depose and state as follows:

1. I am a Sergeant Detective with the Boston Police Department where I have been employed for more than 21 years. I am currently the Supervisor of the Drug Control Unit ("DCU") in District D-4, which covers neighborhoods in the Back Bay, South End, Lower Roxbury, and Fenway areas of Boston.

2. During my tenure with the Boston Police Department, I have participated in investigations relating to the distribution of controlled substances including cocaine, cocaine base (also known as "crack cocaine"), heroin, marijuana, and other illegal drugs and have received training in the area of narcotics investigations. I have been the affiant on affidavits in support of search warrants, arrest warrants, and other applications. I am also familiar with the unique color, texture, and appearance of crack cocaine and have been called on to identify it in the field on dozens of occasions.

3. This affidavit is submitted in support of an application for a criminal complaint charging **SIRROCKO LANDRUM, a/k/a "SANTANA,"** with distribution of cocaine base within 1000 feet of the real property comprising a public housing project in

-1-

violation of Title 21, United States Code, Sections 841 and 860. On April 2, 2009, **LANDRUM** sold crack cocaine to a Boston Police Department undercover officer ("the UC") in the area of 510 Southampton Street in South Boston. That location is within 1000 feet of the Mary Ellen McCormack Housing Development, a public housing project owned and operated by the Boston Housing Authority. On April 4, 2009, **LANDRUM** made a second sale of crack cocaine to the same UC in another location.

4. I am familiar with and participated in the underlying investigation on both of these dates. I have also reviewed reports and spoken with the undercover officer who made the purchases from **LANDRUM** and with other officers involved with me in the investigation.

5. This affidavit does not set forth all the facts developed during the underlying investigation. Rather, it sets forth facts I believe to be sufficient to establish probable cause to believe that **LANDRUM** committed the crimes set forth in the accompanying Criminal Complaint on April 2 and April 4, 2009.

6. Earlier this year, the Boston Police Department received information that **LANDRUM** was selling cocaine base in the South End and other areas of Boston. Based on that information, officers from the D-4 DCU were able to establish that **LANDRUM** was using phone number 617-708-2823 in support of those operations.

### A. The April 2, 2009 Sale of Crack Cocaine by LANDRUM

7. At approximately 6:22 p.m. on April 2, 2009, a BPD undercover officer called 617-708-2823 to attempt to set up a crack cocaine purchase from **LANDRUM**. The UC spoke with a person later identified as **LANDRUM**. The UC told **LANDRUM** that he/she wanted to "meet up" with **LANDRUM** (for the purpose of buying crack cocaine) and **LANDRUM** asked the UC if he/she had any money to spend. The UC indicated that he/she had a "C-note" (a reference to $100) and **LANDRUM** instructed the UC to call him at 857-222-0801 when he/she was ready to meet.

8. At approximately 8:00 p.m., the UC called **LANDRUM** at that number. No one answered. Minutes later, however, the UC's phone rang and it was **LANDRUM** (who identified himself as "**SANTANA**"). After determining where the UC was, **LANDRUM** told the UC to meet him in 20 minutes at the Dunkin' Donuts located in Andrew Square (at 510 Southampton Street) in South Boston.

9. Before the UC went to the meet location, he/she was equipped with a non-recording transmitter and a video camera with no audio capability. I also provided the UC with $100 of pre-recorded Boston Police Department "buy money" to be used in making any drug purchase from **LANDRUM**.

10. The UC then went to Andrew Square to wait for **LANDRUM**. Other units were also sent to the area both to conduct surveillance and to assist the UC if needed.

11. At approximately 8:25 p.m., a black Dodge Durango bearing MA Reg 72AG71 and containing four men pulled into the Dunkin' Donuts near where the UC was waiting. **LANDRUM** got out of the front passenger seat of the Durango and went into the UC's car where he and the UC exchanged $100 for several unwrapped rocks of what I and the UC later identified as crack cocaine. **LANDRUM** also told the UC to call him whenever the UC wanted but asked that he/she do so at 857-222-0801 or 617-708-2823 because the 857-236-0946 number that **LANDRUM** had used earlier in the evening belonged to **LANDRUM**'s girlfriend.

12. Before getting out of the UC's car, **LANDRUM** asked the UC whether he/she was a "cop." After the UC said that he/she was not, **LANDRUM** left the UC's car, re-entered the Durango, and both he and the UC left the area.

13. The drugs purchased by the UC on April 2 were thereafter inspected by me and the UC and determined to be crack cocaine. They were taken back to District D-4 so that they could be logged into evidence and sent to the state laboratory for further testing. Before doing so, however, I field tested one of the rocks purchased by the UC. It tested positive for the presence of cocaine base.

14. I am familiar with the area of 510 Southampton Street, the location of the transaction between **LANDRUM** and the UC. It is within 1000 feet of Mary Ellen McCormack Housing Development,

a public housing project owned and operated by the Boston Housing Authority.

### B. The April 4, 2009 Sale of Crack Cocaine by LANDRUM

15. On April 4, 2009 at approximately 7:42 p.m, the UC contacted **LANDRUM** again for the purpose of purchasing crack cocaine. After reaching **LANDRUM** at 617-708-2823, **LANDRUM** told the UC that he did not have a ride and the UC would therefore have to meet him on Warren Street near Quincy Street.

16. Before the UC was sent into this area to meet with **LANDRUM**, he/she was equipped with a non-recording transmitter and a video camera with no audio capability. I also provided the UC with $200 of pre-recorded Boston Police Department "buy money" to be used in making any drug purchase from **LANDRUM** and dispatched surveillance units to the area.

17. When the UC got close to the area, he/she contacted **LANDRUM** as instructed. **LANDRUM** asked the UC what he/she wanted and the UC asked for a "basketball" (a street term for an eighth of an ounce of crack cocaine). **LANDRUM** told the UC that he did not have a "basketball" and the UC replied that he/she would take the same amount as the "last time." This was a reference to the transaction on April 2, 2009 when the UC purchased $100 of crack cocaine from **LANDRUM** at the Dunkin' Donuts at Andrew Square.

18. The UC then drove to the corner of Warren Street and Woodbine Street where he/she parked and called **LANDRUM** to tell

him that he/she had arrived. Several minutes later, **LANDRUM** walked up and got into the UC car, where he and the UC exchanged $100 for 5 plastic bags of what the UC and I later identified to be crack cocaine.

19. The UC thereafter returned to District D-4 where he handed me the crack cocaine purchased from **LANDRUM**. I confirmed that the drugs were crack cocaine both by inspecting them and then doing a field test (which was positive). The drugs were then logged into evidence so that they could be sent to the state laboratory for further testing.[1]

20. Based upon the foregoing, I submit there is probable cause to believe that, on April 2, 2009, **SIRROCKO LANDRUM, A/K/A "SANTANA,"** possessed with intent to distribute and distributed cocaine base within 1000 feet of the real property comprising a public housing project in violation of Title 21, United States Code, Sections 841 and 860. I further submit there is probable cause to believe that, on April 4, 2009, **SIRROCKO LANDRUM, A/K/A "SANTANA,"** possessed with intent to distribute and distributed cocaine base in violation of Title 21, United States Code,

---

[1] It has not yet been determined whether the April 4, 2009 transaction took place in a protected zone under 21 U.S.C. §860.

Section 841.

Signed under the pains and penalties of perjury this ___ day of April, 2009.

                                *[signature]*
                              SGT. DET. JAMES FITZPATRICK

Sworn to and subscribed before me this ___ day of April, 2009.   [STAMP: APR 23 2009]

                              *[signature]*
                              ROBERT B. COLLINGS
                              UNITED STATES MAGISTRATE JUDGE